**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 03-1167-PHX-DGC |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Henry Watkins, ) | |
| Defendant. ) | |

Pending before the Court is Defendant Henry Watkins' Motion to Suppress. (Dkt. 989.) The Government filed a response opposing the motion (dkt. 1048), to which Defendant filed a reply (dkt. 1131). For the reasons set forth herein, Defendant's motion will be denied.

## BACKGROUND

On July 8, 2003, at approximately 5:20 a.m., officers with the Oro Valley Police Department's SWAT team entered Defendant's home at 1610 South Country Club Road, in Tucson. The officers were in possession of a federal warrant for Defendant's arrest. Defendant contends that officers violated the "knock-and-announce" provisions of 18 U.S.C. § 3109 when they executed the warrant. (Dkt. 989.)

In response, the Government argues that the Court need not address the legality of the officers' actions in entering the house because the exclusionary rule does not apply to the statement Defendant made after being taken into custody pursuant to a valid arrest

warrant. (Dkt. 1048 at 7–8.) In his reply, Defendant interprets the Government's response as a concession that a violation of § 3109 did occur and withdraws his initial request for an evidentiary hearing on the knock-and-announce issue. (Dkt. 1131 at 5.)

**ANALYSIS**

Both § 3109 and the Fourth Amendment require that police officers entering a dwelling pursuant to a warrant announce their purpose and authority and either wait a reasonable amount of time or be refused admittance before forcibly entering the residence. See Wilson v. Arkansas, 514 U.S. 927, 933-35 (1995); United States v. Chavez-Miranda, 306 F.3d 973, 980 (9th Cir. 2002). If officers violate the knock-and-announce statute, evidence seized during the search must be suppressed. See United States v. DiCesare, 765 F.2d 890, 895 (9th Cir. 1985).

According to the Government, officers approached Defendant's door at 5:20 a.m., knocked and announced their presence, waited approximately 10 seconds, and then forced entry into the home, deploying a diversionary device as they did so. (Dkt. 1048 at 7–8.) Defendant was arrested in a back bedroom without incident. (Id. at 8.) While the Government does not argue that the manner of entry was justified by exigent circumstances, it asserts that prior to the execution of the warrant officers had been informed that Defendant was a suspected methamphetamine addict and was known to possess weapons. (Id. at 7.) Following his arrest and while he was still in the house, Defendant was advised of his *Miranda* rights and was interviewed by an ATF agent. Defendant seeks to suppress his statements made during the interview.

Defendant's version of events differs from the Government's. He asserts that the officers "did not knock and announce prior to their entry." He claims that he was asleep, and that when the officers "broke into his home" he "jumped out of bed to investigate." (Dkt. 989 at 2.) Immediately upon forcing entry into the residence, he asserts, the officers tossed a stun grenade into the hallway. (Id.) The device exploded outside Defendant's bedroom door, knocking him onto his bed and leaving him temporarily deaf and

1 disoriented. (Id.) Defendant does not dispute the Government's assertion that he was
2 arrested in his bedroom without incident, nor that he was later advised of his *Miranda*
3 rights and interviewed in the home by an ATF agent. Significantly, Defendant does not
4 contend that the interview was involuntary, coerced, or that he was impaired during the
5 interview by the officers' manner of entering the house or their use of the stun grenade.

6 "The defendant bears the burden of establishing a prima facie case when asserting
7 a § 3109 claim." United States v. Schenk, 983 F.2d 876, 878 (8th Cir. 1993) (citing DiCesare,
8 765 F.2d at 896)). A defendant seeking an evidentiary hearing must make an offer of proof
9 "'sufficiently definite, specific, detailed, and nonconjectural to enable the court to
10 conclude that contested issues of fact going to the validity of the search are in question.'"
11 DiCesare, 765 F.2d at 895 (quoting United States v. Ledesma, 499 F.2d 36, 39 (9th Cir. 1974)).

12 The parties cite no evidence to support their respective versions of the events, and
13 Defendant no longer seeks an evidentiary hearing. The Government argues, in effect, that
14 the motion to suppress must be denied even if the entry violated § 3109. Thus, the Court
15 will assume, without deciding, that the entry violated the knock-and-announce rule and
16 was therefore illegal.[1]

17 The Seventh Circuit addressed a very similar situation in United States v. Jones, 214
18 F.3d 836 (7th Cir. 2000). Officers executing an arrest warrant "inappropriately" rammed

---

[1] Defendant seeks suppression not only of his statement to the ATF agent, but also of any other evidence seized, observed, or heard while officers were in his home. (Dkt. 1131.) The Government responds by stating that "no items of evidence were seized," but does not address what might have been observed or heard (outside of the *Miranda* interview). (Dkt. 1048 at 3.) Because the Government has based its argument on a legal issue, and because Defendant has not presented factual material that would justify an evidentiary hearing (and, in fact, has withdrawn his request for an evidentiary hearing), the Court will not address items of evidence other than Defendant's statement. The Court notes, however, that if the entry was illegal, evidence seized or observed by officers while in Defendant's home (as opposed to Defendant's statement after he was placed under arrest pursuant to a valid arrest warrant) would likely be suppressed as fruit of the illegal entry. DiCesare, 765 F.2d at 895.

open the door and deployed a stun grenade before arresting the defendant. While still in his home, the defendant gave a statement after receiving a *Miranda* warning. Id. at 839. Noting that "the exclusionary rule depends on causation" and that the defendant did not establish a "link between the *manner* of the entry and the statement," the Seventh Circuit concluded that the statement need not be suppressed because it occurred while the defendant was in "lawful custody." Id. (emphasis in original).

In United States v. Ladum, 141 F.3d 1328, 1336–37 (9th Cir. 1998), the Ninth Circuit held that statements made by a defendant to government agents while they were executing a search warrant did not require suppression as fruit of an illegal search. Although the warrant was illegal because it was overbroad, the defendant's statement was not the product of that illegality. Id. The Ninth Circuit explained that suppression was not required because "the agents had a legitimate, court authorized reason for being present at the time of questioning." Id. at 1337.

Both of these cases relied on New York v. Harris, 495 U.S. 14, 19 (1990). In Harris, officers illegally entered the defendant's home where they arrested him on the basis of probable cause that arose before the entry. Later, after he had been taken to a police station, the defendant gave a statement that he subsequently sought to suppress. The Supreme Court declined to hold that the statement must be suppressed because it followed an illegal entry into the defendant's home. The Court noted that it has not adopted "a *per se* or 'but for' rule that would make inadmissible any evidence, whether tangible or live-witness testimony, which somehow came to light through a chain of causation that began with an illegal arrest." Id. at 17 (quoting United States v. Ceccolini, 435 U.S. 268, 276 (1978)) (internal quotation marks omitted).

Other circuits have also relied on Harris and reached similar conclusions. In United States v. Jones, 41 Fed.Appx. 178 (10th Cir. 2002), for example, the Tenth Circuit held that suppression of the defendant's post-arrest confession was not required despite a violation of § 3109 because the defendant "was arrested pursuant to a federal arrest warrant and

- 4 -

probable cause for his arrest [was] not challenged." Id. at 181. The court explained that the confession was not the product of the illegality because the defendant would have been arrested even if the officers had not violated § 3109. Id.

In his reply, Defendant argues that Harris "turned upon the fact that the defendant was questioned at the police station and not in his home." (Dkt. 1131 at 3.) Defendant argues that because his statement was made while being questioned in his home, the holding in Harris requires that the statement be suppressed.

The Court does not agree. The statement in Harris was admissible because "Harris was in legal custody" when the statement was given. 495 U.S. at 20. Here, too, Defendant was in legal custody when his statement was given. Although the statement was taken in his house, Defendant does not contend that the warrant under which he was arrested was invalid, that he was not formally placed under arrest before the statement was made, that he was denied a *Miranda* warning, or that the statement was otherwise coerced or involuntary. Defendant's statement was made while he was under arrest pursuant to a valid arrest warrant supported by probable cause. Although it might be true that the statement "came to light through a chain of causation that began with an illegal [entry]," that fact has been rejected by the Supreme Court as a basis for suppressing the statement. Id. at 17. Thus, even though evidence obtained solely as a result of the illegal entry must be suppressed (such as physical evidence seized from the home or matters observed by the officers upon entry), the same cannot be said of a statement given after Defendant had been arrested pursuant to a valid arrest warrant.

Because Defendant does not assert that the arrest itself was unlawful or that his statement was involuntary or otherwise the product of the manner in which officers entered his residence, no grounds exist to suppress the statement. His statement did not arise from the way in which the officers entered – the alleged § 3109 violation – but from his arrest pursuant to the warrant. The statement therefore is not subject to the exclusionary rule.

- 5 -

**IT IS ORDERED** that Defendant Watkins' Motion to Suppress (Dkt. 989) is **denied**.

DATED this 3rd day of February, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge

- 6 -